IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 24-186-MLG |
| | ) | |
| vs. | ) | |
| | ) | |
| **ANGELICA DOMINGUEZ** and | ) | |
| **BILLIE JO GUSSLER**, | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' <mark>UNOPPOSED</mark> MOTION
FOR PROTECTIVE ORDER**

The United States hereby moves that this Court enter a protective order pursuant to Federal Rule of Criminal Procedure 16(d)(1) restricting the dissemination and disclosure of materials produced in discovery which include personal identifying information about victims or potential witnesses in this case. More specifically, the United States respectfully requests that the Court enter an Order (1) prohibiting defendants from disseminating materials produced in discovery which include personal identifying information about victims or potential witnesses in this case (collectively referred to herein as "PII Discovery"); and (2) prohibiting defendants from disclosing the identity of the victims or potential witnesses identified in or from discovery in this criminal case. The United States offers the following grounds for this motion.

Federal Rule of Criminal Procedure 16 provides baselines for discovery in federal criminal cases. Within those baselines, Rule 16 also accords district courts broad authority to regulate and restrict discovery: "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed.R.Crim.P. 16(d)(1). The Advisory Committee Notes to Rule 16 make clear that the considerations to be taken into account by courts

exercising this authority include "the safety of witnesses and others, a particular danger or perjury or witness intimidation . . . ." Fed.R.Crim.P. 16, Advisory Committee Notes (1966 Amendment).

> Subdivision (d)(1) deals with the protective order. Although the rule does not attempt to indicate when a protective order should be entered, it is obvious that one would be appropriate where there is reason to believe that a witness would be subject to physical or economic harm if his identity is revealed. *See Will v. United States*, 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967).

Fed.R.Crim.P. 16, Advisory Committee Notes (1974 Amendment).

The discovery materials in this case include victims' personal identifying information, including names, birthdates, social security numbers, and financial information. The government believes that disclosure of this information without limitation risks the privacy and security of the information's legitimate owners.

The United States does not seek to withhold discovery due to the defendants or impede the defense. The United States, however, requests that PII Discovery be used only for its intended purpose and not disseminated or disclosed to others outside of these proceedings. Disclosure of the identity of the personal identifying information about victims or prospective witnesses in this case could expose victims and leave their financial information vulnerable to further misuse. *See generally Alderman v. United States*, 394 U.S. 165, 185 (1969) ("the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect").

THE UNITED STATES THEREFORE REQUESTS that the Court enter a protective order barring defendants from disseminating PII Discovery materials and information, and prohibiting the disclosure of the identity of the victims or prospective witnesses in this case identified, directly or indirectly, from discovery provided by the United States in this criminal case.

THE UNITED STATES FURTHER REQUESTS that the protective order permit the use of PII Discovery materials and information only as necessary for the purpose of conducting pre-trial, trial, and appellate proceedings in this case and for no other purpose. The requested protective order should not preclude or restrict the right of any party to use, refer to, or quote the recordings or other discovery in any pleadings or motions in this case provided that such materials are filed under seal. Additionally, the requested protective order should not preclude or restrict the right of any party to offer or use PII Discovery materials at trial for any otherwise permissible and admissible purpose.

THE UNITED STATES FURTHER REQUESTS that the protective order require defendants, defense counsel, and their agents, to preserve and safeguard PII Discovery materials and information, and to return those materials to government counsel at the conclusion of this case, any appeal, and following the one-year period after entry of final judgment in which the defendants may seek relief pursuant to 28 U.S.C. § 2255.

Undersigned counsel has consulted with counsel for both defendants, who have indicated that they do not oppose this motion.

        Respectfully submitted,

        ALEXANDER M.M. UBALLEZ
        United States Attorney

        <u>/s/ Electronically filed 09/10/24</u>
        MEG TOMLINSON
        Assistant United States Attorney
        Post Office Box 607
        Albuquerque, New Mexico  87103
        (505) 346-7274

I HEREBY CERTIFY that I filed the foregoing pleading electronically through the CM/ECF system which caused counsel for defendant to be

served by electronic means, as reflected on the Notice of Electronic Filing, and other methods of service as indicated therein on September 5, 2024.

_____/s/_____.
MEG TOMLINSON
Assistant U.S. Attorney